IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BILLY JOE BOOKER, ID # 2063734,** )<br>Petitioner, )<br> )<br>vs. )<br> )<br>**LORIE DAVIS, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions** )<br>**Division,** )<br>Respondent. ) | No. 3:17-CV-3427-N (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice. The *Motion for Partial Summary Judgment*, received September 17, 2018 (doc. 20), and *Motion for Relief from Judgment/Order Pursuant to Fed. R. Civil P. 60(b)(1) and 60(b)(4) as Void,* received November 21, 2018 (doc. 26), should also be **DENIED**.

**I. BACKGROUND**

Billy Joe Booker (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for driving while intoxicated (third offense), enhanced by two prior felony convictions. The respondent is Lorie Davis, Director, TDCJ-CID (Respondent).

**A.    State Court Proceedings**

Petitioner was charged with driving while intoxicated (DWI), enhanced by two prior felony

convictions, in Cause No. F48257 in Johnson County, Texas. (*See* doc. 3 at 2.)[1] According to the state court of appeals,

> On January 31, 2014, Nicole Stokley and Porsha Gaut observed Appellant slumped over the steering wheel of his vehicle at an intersection. Gaut got out of the vehicle and knocked on Appellant's window, and Stokley honked the horn on her vehicle. Appellant then began to drive forward, and Stokley followed behind Appellant. Appellant hit a pole and a retaining wall with his vehicle. Gaut and Stokley both observed Appellant driving the vehicle, and there were no other passengers in the vehicle. Gaut called 9–1–1, and officers from the Cleburne Police Department responded to the call.
>
> Officer Craig Huskey initiated the traffic stop of Appellant's vehicle, and he observed damage to Appellant's vehicle. Officer Huskey testified that Appellant smelled of alcohol and had slurred speech and glassy eyes. Officer Carmack arrived at the scene and had appellant perform three field sobriety tests. Officer Carmack testified that Appellant exhibited six out of six clues for intoxication on the HGN test, five out of eight clues on the walk-and-turn-test, and three out of four clues on the one-legged stand test. Appellant told the officers that he consumed six beers and that he was intoxicated.

*Booker v. State*, No. 10-16-00169-CR, 2017 WL 652584, *1–2 (Tex. App. – Waco Feb. 15, 2017, no pet.). A jury found him guilty, and the court sentenced him to ninety-nine years confinement. (*See* doc. 13-17 at 4.)

On February 15, 2017, the Tenth Court of Appeals affirmed the judgment. (*See* doc. 13-1.) Petitioner did not file a petition for discretionary review (PDR). (*See* doc. 3 at 3.) He filed an application for state writ of habeas corpus on April 26, 2017. (*See* doc. 14-17 at 183-199.) On August 8, 2017, prior to resolution of the initial state habeas application, he filed a second application for state habeas writ. (*See* doc. 14-20 at 26-42.) On November 15, 2017, the Texas Court of Criminal Appeals (TCCA) denied both applications without a written order. (*See* docs. 14-

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

14; 14-18.)

   B.   **Substantive Claims**

   Petitioner's habeas petition, received on December 12, 2017, raises the following grounds:

   (1)  Counsel was ineffective for:

         (a) failing to discover two laboratory technicians had been fired;

         (b) failing to impeach police officer Clayton Carmack at a pre-trial hearing and trial;

         (c) failing to impeach police officer Clayton Carmack during the punishment phase;

         (d) failing to secure an affidavit from a jailor who witnessed jury misconduct; and

         (e) failing to obtain dashboard and body camera video.

   (2) The indictment is faulty because there is no record of a grand jury proceeding.

   (3) The prosecutor committed "fraud and misconduct" by using the faulty indictment.

(*See* doc. 3 at 6-11). Respondent filed a response on March 22, 2018. (*See* doc. 12). Petitioner filed a reply on April 3, 2018. (*See* doc. 16).

   On September 17, 2018, Petitioner filed a *Motion for Partial Summary Judgment*, raising the same arguments regarding his indictment that he raised in his § 2254 petition. (*See* doc. 20.) On October 16, 2018, Petitioner filed a *Motion to Dismiss Indictment* that presented additional argument in support of his petition and that was construed as a supplemental reply brief on October 17, 2018. (*See* docs. 21-22.) Petitioner then filed a *Motion for Relief from Judgment/Order Pursuant to Fed. R. Civil P. 60(b)(1) and 60(b)(4) as Void* on November 21, 2018, seeking relief from that order. (*See* doc. 26.)

## II.  APPLICABLE LAW

   Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

3

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court

4

precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court s ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F. 3d 381, 384 (5thCir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Grim. App. 1997) (holding a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented

5

in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams*

6

*v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.    Failure to investigate laboratory technicians

Petitioner asserts counsel was ineffective for failing to discover that two laboratory technicians were fired for falsifying blood samples.

"Counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691). However, "[a]n applicant 'who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation

7

would have revealed and how it would have altered the outcome of the trial.'" *Trevino v. Davis*, 829 F.3d 328, 338 (5th Cir. 2016) (quoting *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

Petitioner simply makes an unsupported allegation that counsel "failed to discover" that two laboratory technicians had been fired from the company that tested his blood sample, and that one had been "banned from the Dallas and Tarrant County court systems." (*See* doc. 3 at 7.) He fails to actually show that the technicians had been fired, or that his counsel was unaware of their employment status. In fact, one technician testified at Petitioner's suppression hearing that she was currently employed at the laboratory that tested his blood sample, and that she personally tested the sample. (*See* doc. 13-7 at 40-41, 44.) Additionally, neither technician testified at the guilt/innocence or punishment phases of the trial. (*See* doc 13-5 at 5-8.) Even assuming the technicians had been fired, Petitioner fails to specify how this information would have changed the outcome of the trial. This is insufficient to demonstrate counsel was ineffective. *See Trevino*, 601 F.3d at 352; *see also Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982) (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief). Petitioner has also not shown he suffered prejudice due to counsel's alleged actions. *Strickland,* 466 U.S. at 694.

Furthermore, the TCCA denied Petitioner's claim in the state habeas proceedings. Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the TCCA to deny relief. *Richter*, 562 U.S. at 98.

**B.** **Failure to impeach Officer Carmack**

Petitioner argues counsel was ineffective for failing to impeach Officer Carmack. His entire

8

argument regarding the failure to impeach Officer Carmack at the suppression hearing and at trial states:

> Officer Carmack perjured himself during applicant's motion to suppress hearing, on the affidavit for search warrant and during trial. The trial court judge offered to impeach officer Carmack and defense counsel refused.

(*See* doc. 3 at 7). His claim relating to the punishment phase simply states that "[a]fter the trial court deemed officer Carmack impeachable, counsel failed to argue or confront Carmack on retrial on punishment when video was played of said officer giving applicant field sobriety test but did not want to put Officer Carmack back on the stand to be impeached." (*See* doc. 3 at 11).

Petitioner fails to indicate what part of Officer Carmack's hearing or trial testimony, or information from the search warrant affidavit, was inconsistent. He also fails to indicate what part of his testimony at the sentencing phase was subject to impeachment. Petitioner's conclusory allegations are insufficient to provide relief. *Woods*, 870 F.2d at 288 n.3; *Miller,* 200 F.3d at 282; *Schlang,* 691 F.2d at 799; *see also Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir.1992) (stating that to qualify for relief, a petitioner must make a specific showing of how counsel's alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial).

Furthermore, the TCCA denied Petitioner's claims in the state habeas proceedings. Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the TCCA to deny relief. *Richter*, 562 U.S. at 98.

**C. Failure to secure affidavit**

Petitioner argues counsel was ineffective for failing to seek an "affidavit and contact

9

information from jailer/transport officer who witnessed juror misconduct of sleeping during trial and on his cell phone during the reading of the jury charge." (*See* doc. 3 at 11). He alleges that this failure deprived him of a motion for a new trial. (*See id.)*

As previously explained, to establish an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Trevino*, 829 F.3d at 338. "Where the only evidence of a missing witness' testimony is from the defendant, [the Fifth Circuit] views claims of ineffective assistance with great caution." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (*citing Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)).

As with his previous claims, Petitioner provides no support for this allegation. He does not provide the name of the person who supposedly witnessed the juror misconduct, only identifying him or her as a "jailor/transport officer." He also fails to demonstrate how the testimony would have changed the outcome of his trial. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Petitioner's conclusory claim is insufficient to entitle him to relief. *Woods*, 870 F. 2d at 288 n.3; *Schlang*, 691 F.2d at 799.

Additionally, Petitioner has not shown he suffered prejudice due to counsel's alleged actions. A review of the record demonstrates counsel moved for a mistrial based on a sleeping and/or distracted juror. (*See* doc. 13-12 at 71-72). The trial judge denied the motion. (*See Id.* at 73). In doing so, the trial judge stated, "Actually, actually, I didn't notice any of the events you're talking about. I've been watching the jury. Sometimes they sit there and they'll put their heads down and

they'll close their eyes thinking, but I didn't notice any of the activity or the sleeping you mentioned." (*Id*. at 72).

Finally, Petitioner has not shown that the state habeas court's rejection of this claim was unreasonable. *Richter*, 562 U.S. at 98.

D.  **Failure to secure dash and body camera video**

Petitioner contends that counsel failed to obtain police car dashboard camera and body camera video which would have been favorable to him. He was stopped in his car by Officer Huskey and confessed to being intoxicated. (*See* doc. 3 at 11.) Petitioner denies making the confession and argues that police dashboard and body camera footage would provide proof. He also states that "both videos are missing 'and so-called' accidentally purged from the system." (*See Id.*)

Petitioner does not indicate how counsel was ineffective for failing to obtain "missing" videos. In fact, Officer Husky testified at trial that there were no video recordings of the traffic stop. (*See* doc. 13-10 at 84-85.) Petitioner has not shown that there were videos that could have been obtained. He has failed to demonstrate counsel was ineffective on this claim. *See Strickland*, 466 U.S. at 690-91. He has additionally failed to show that the state habeas court's rejection of this claim was unreasonable. *Richter*, 562 U.S. at 98.

### IV. FAULTY INDICTMENT

Petitioner alleges his indictment was faulty because "there is no record that proves an actual grand jury proceeding took place." (*See* doc. 3 at 6). The Fifth Circuit has held that "the sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). When a state court has held that an indictment is sufficient under state law,

11

a federal court need not address that issue. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009); *see also McKay*, 12 F.3d at 68). Petitioner raised this issue in his state habeas application, which the TCCA denied. (*See* docs. 14-20 at 31; 14-18.) Because the state court has already addressed the sufficiency of the indictment, his claim that the indictment was faulty does not provide grounds for federal habeas relief. Because Petitioner's motion for partial summary judgment asserts this same issue regarding his indictment, it should be **DENIED** for the same reasons.

## V. PROSECUTORIAL MISCONDUCT

Petitioner alleges that "since the said indictment was not passed down by a legally impaneled grand jury, the [district attorney] illegally passed off said indictment as a valid charging instrument, therefore committing fraud and misconduct before [the court]."

Because Petitioner fails to show the indictment was faulty, he necessarily also fails to demonstrate prosecutorial misconduct through the use of the indictment. Petitioner does nothing more than make a conclusory claim of prosecutorial misconduct. He does not identify any evidence in the record to demonstrate the indictment was illegally obtained. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971).

Furthermore, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court

12

proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, l224-25 (5th Cir. 1997). Petitioner fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98. He has not shown that he is entitled to relief on his ground. His summary judgment motion on this issue should also be **DENIED**.

## VI.  RULE 60(B)

Petitioner also filed a motion under Rule 60(b)(1) and (4) of the Federal Rules of Civil Procedure, seeking relief from the interlocutory order construing his *Motion to Dismiss the Indictment* as a supplemental reply brief because it sought the same relief as his § 2254 petition. (*See* docs. 22, 26.) "'[B]y its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order.' *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985). 'Interlocutory orders . . . are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.' *Id.*; *see also Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (noting that an 'interlocutory order' is 'not subject to being vacated under Rule 60(b)')." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (footnote omitted). Because the order from which Petitioner seeks relief is not a "final order," his motion under Rule 60(b)(1) and (4) should be **DENIED.**

Even if liberally construed as arising under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," the motion should still be denied.  Because Petitioner has not shown that he is entitled to habeas relief, he has not shown any basis for revising the order.

13

## VII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice. The *Motion for Partial Summary Judgment* and *Motion for Relief from Judgment/Order Pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(4) as Void* should also be **DENIED**.

**SO RECOMMENDED** on this 17th day of December, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE